## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANDREW D. WETZEL**                                    **CIVIL ACTION**

**versus**                                                        **NO. 13-5799**

**JAMES LEBLANC**                                      **SECTION: "N" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Andrew D. Wetzel, is a state prisoner incarcerated at the David Wade Correctional Center, Homer, Louisiana.  On May 1, 2009, he pleaded guilty under Louisiana law to three counts of simple burglary, one count of injuring public records, and one count of issuing worthless checks.  On that same date, he was sentenced to the following terms of imprisonment: seven years on each of the convictions for simple burglary; five years on the conviction for injuring public records; and five years on the conviction for issuing worthless checks.  It was ordered that

those sentences be served concurrently.[1]  He filed no direct appeal; however, as detailed below, he filed numerous applications seeking various forms of post-conviction relief over the next several years.[2]

Petitioner filed with the state district court an application for post-conviction relief on or about May 21, 2009,[3] and a "Motion for Reduction of Sentence" on or about July 23, 2009,[4] both of which were denied on August 25, 2009.[5]  With respect to the denial of the motion, he filed a related writ application which was likewise denied by the Louisiana First Circuit Court of Appeal on November 9, 2009.[6]

In the interim, petitioner also filed with the state district court a "Motion to Amend Sentence" on or about September 28, 2009,[7] a "Motion to Quash the Indictment" on or about

---

[1] State Rec., Vol. I of II, transcript of May 1, 2009; State Rec., Vol. I of II, minute entry dated May 1, 2009.

[2] Petitioner also filed various other motions, such as motions for production of documents. However, because those motions did not directly challenge the validity of his convictions or sentences, they are not relevant in this proceeding and so are not summarized herein.

[3] State Rec., Vol. I of II.

[4] State Rec., Vol. I of II.

[5] State Rec., Vol. I of II, Judgment dated August 25, 2009; State Rec., Vol. I of II, Order dated August 25, 2009.

[6] State v. Wetzel, No. 2009 KW 1831 (La. App. 1st Cir. Nov. 9, 2009); State Rec., Vol. I of II.

[7] State Rec., Vol. I of II.

October 6, 2009,[8] and a "Motion to Withdraw Plea" on or about October 12, 2009.[9]  Those motions were denied on October 26, 2009.[10]  He additionally filed with the state district court a "Motion to Reconsider Sentence" on or about October 23, 2009,[11] and a "Petition for Writ of Habeas Corpus" on or about November 3, 2009,[12] both of which were denied on December 8, 2009.[13]

On or about December 18, 2009, petitioner filed with the state district court a "Writ of Habeas Corpus"[14] which was denied on January 12, 2010.[15]

Petitioner then filed with the state district court another application for post-conviction relief on or about July 14, 2010,[16] which was apparently denied, as well as a "Writ of Habeas Corpus" on or about September 10, 2010,[17] which was denied on October 5, 2010.[18]  His

---

[8] State Rec., Vol. I of II.

[9] State Rec., Vol. I of II.

[10]  State Rec., Vol. I of II, Orders dated October 26, 2009.

[11] State Rec., Vol. I of II.

[12] State Rec., Vol. I of II.

[13]  State Rec., Vol. I of II, Orders dated December 8, 2009.

[14]  State Rec., Vol. I of II.

[15]  State Rec., Vol. I of II, Order dated January 12, 2010.

[16]  State Rec., Vol. I of II.

[17]  State Rec., Vol. I of II.

[18]  State Rec., Vol. I of II, Order dated October 5, 2010.

related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on January 31, 2011,[19] and June 22, 2011,[20] and by the Louisiana Supreme Court on March 30, 2012.[21]

Petitioner also filed with the state district court another application for post-conviction relief on or about September 30, 2011,[22] which was denied on November 7, 2011,[23] and another "Petition for Writ of Habeas Corpus" on or about December 22, 2011,[24] which was denied on January 5, 2012.[25]  His related writ applications challenging those denials were then denied by the Louisiana First Circuit Court of Appeal on January 27, 2012,[26] April 12, 2012,[27] and June 4, 2012.[28]

---

[19]  State v. Wetzel, No. 2010 KW 1934 (La. App. 1st Cir. Jan. 31, 2011); State Rec., Vol. I of II.

[20]  State v. Wetzel, No. 2011 KW 0438 (La. App. 1st Cir. June 22, 2011); State Rec., Vol. II of II.

[21]  State ex rel. Wetzel v. State, 85 So.3d 113 (La. 2012) (No. 2011-KH-1472); State Rec., Vol. II of II.

[22]  State Rec., Vol. I of II.

[23]  State Rec., Vol. I of II, Judgment and Reasons for Judgment dated November 7, 2011.

[24]  State Rec., Vol. I of II.

[25]  State Rec., Vol. I of II, Order dated January 5, 2012.

[26]  State v. Wetzel, No. 2011 KW 2158 (La. App. 1st Cir. Jan. 27, 2012); State Rec., Vol. I of II.

[27]  State v. Wetzel, No. 2012 KW 0178 (La. App. 1st Cir. Apr. 12, 2012); State Rec., Vol. I of II.

[28]  State v. Wetzel, No. 2012 KW 0523 (La. App. 1st Cir. June 4, 2012); State Rec., Vol. I of II.

On or about July 10, 2012, petitioner filed with the state district court a "Motion to Set Aside Plea of Guilty"[29] which was denied on July 19, 2012.[30]

On or about November 13, 2012, petitioner filed with the state district court a "Motion to Set Aside or Withdraw Guilty Plea and Reinstate Appeal Rights"[31] which was denied on November 21, 2012.[32]  His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on February 13, 2013,[33] and by the Louisiana Supreme Court on July 31, 2013.[34]  In the interim, he also filed with the state district court another "Motion to Set Aside or Withdraw Guilty Plea and Reinstate Appeal Rights" on or about March 4, 2013,[35] which was denied on March 11, 2013.[36]

---

[29]  State Rec., Vol. I of II.

[30]  State Rec., Vol. I of II, Order dated July 19, 2012.

[31]  State Rec., Vol. I of II.

[32]  State Rec., Vol. I of II, Order dated November 21, 2012.

[33]  State v. Wetzel, No. 2012 KW 2063 (La. App. 1st Cir. Feb. 13, 2013); State Rec., Vol. I of II.

[34]  State ex rel. Wetzel v. State, 118 So.3d 1117 (La. 2013) (No. 2013-KH-0449); State Rec., Vol. I of II.

[35]  State Rec., Vol. I of II.

[36]  State Rec., Vol. I of II, Order dated March 11, 2013.

Petitioner next filed with the state district court another "Motion to Withdraw Guilty Plea" on or about March 21, 2013,[37] which was denied on March 22, 2013,[38] and a "Motion to Withdraw Plea Agreement" on or about August 8, 2013,[39] which was denied on August 14, 2013.[40]

On or about August 14, 2013, petitioner filed the instant federal application seeking *habeas corpus* relief.[41]  The state concedes that the application is timely; however, the state argues that petitioner's claims should be denied because (1) he failed to exhaust his remedies in the state courts, (2) the claims are procedurally barred, and (3) the claims have no merit.[42]

## I.  Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  Moreover, a petitioner must have

---

[37]  State Rec., Vol. I of II.

[38]  State Rec., Vol. I of II, Order dated March 22, 2013.

[39]  State Rec., Vol. I of II.

[40]  State Rec., Vol. I of II, Order dated August 14, 2013.

[41] Rec. Doc. 1.

[42] Rec. Docs. 13 and 14.

exhausted all, not merely some, of the claims presented in his federal application.  See, e.g., Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

In the instant federal application, petitioner asserts the following claims:

1.      Petitioner's counsel was ineffective in that he (a) failed to object on the basis that terms of the plea agreement were not honored and (b) failed to file a direct appeal raising that error; and

2.      Petitioner's pleas were involuntary.

He argues the foregoing claims were fairly presented to the Louisiana Supreme Court in his writ application in case number 2013-KH-0449 and are therefore exhausted.[43]  The state disagrees, arguing that petitioner failed to argue in that writ application that his counsel's failure to object constituted ineffective assistance of counsel.[44]

The writ application in dispute is included in Volume II of the state court record. Having carefully reviewed that application, the Court finds that the state is correct.  Although petitioner does therein seemingly fault counsel's failure to file an appeal, he does not argue that counsel was ineffective for failing to lodge an objection during the proceeding before the trial court. Although petitioner did make that argument in his original motion and in the writ application he

---

[43]  Rec. Doc. 1, p. 6; see also Rec. Doc. 15, p. 1.

[44]  Rec. Doc. 14, pp. 4-5.

filed with the First Circuit Court of Appeal,[45] that is not sufficient; a claim is not "fairly presented" to the Louisiana Supreme Court for exhaustion purposes unless it is expressly asserted in the body of the writ application filed with that court.  See, e.g., Evans v. Rader, Civ. Action No. 13-0196, 2013 WL 2154124, at *3-4 (E.D. La. Apr. 23, 2013); Williams v. Louisiana, Civ. Action No. 12-670, 2012 WL 5932229, at *3 & n.30 (E.D. La. July 24, 2012), adopted, 2012 WL 5932072 (E.D. La. Nov. 26, 2012); Wilson v. Tanner, Civ. Action No. 12-722, 2012 WL 2576352, at *3 n.28 (E.D. La. May 29, 2012), adopted, 2012 WL 2574659 (E.D. La. July 3, 2012); see also Baldwin v. Reese, 541 U.S. 27, 31-32 (2004) ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").  Therefore, that portion of petitioner's ineffective assistance claim is unexhausted.[46]

Because the instant federal application is a "mixed petition" asserting both exhausted and unexhausted claims, is clearly is subject to dismissal *without* prejudice on that basis.  Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).  However, as noted, the state alternatively argues that petitioner's claims are procedurally barred in any event.  For the following reasons, the undersigned

---

[45]  A copy of that intermediate appellate court writ application, which was in case number 2012 KW 2063, is included the supplemental volume of the state court record.

[46]  Out of an abundance of caution, the undersigned notes that the claim also was not raised in the writ application filed with the Louisiana Supreme Court in case number 2011-KH-1472, which concerned a prior denial of post-conviction relief.

agrees and therefore recommends that, in the interest of judicial economy, the federal application instead be dismissed *with* prejudice on that ground.

## II.  Procedural Bar

The United States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

With respect to petitioner's exhausted claims, the Louisiana Supreme Court denied relief pursuant to La. Code Crim. P. article 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).[47]  It is clear that article 930.8 and the Glover decision qualify as independent and adequate rules to support a procedural bar in federal court.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); see also Morris v. Cain, No. 06-30916, 2008 WL 3876479 (5th Cir. Aug. 20, 2008); Pineyro v. Cain, 73 Fed. App'x 10, 11 (5th Cir. 2003); Tolbert v. Cain, Civ. Action No. 08-435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); Lott v. Travis, Civ. Action No. 08-1390, 2008 WL

---

[47]   State *ex rel.* Wetzel v. State, 118 So.3d 1117 (La. 2013) (No. 2013-KH-0449); State Rec., Vol. I of II.  Article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the Glover decision held that an appellate court is not precluded from denying relief pursuant to article 930.8 even if the lower court did not consider timeliness.

4964797, at *7-8 (E.D. La. Nov. 18, 2008); MacCracken v. Louisiana, Civ. Action No. 07-9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).[48]

Because petitioner's exhausted claims were denied based on independent and adequate state procedural rules, federal review of those claims "is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Here, petitioner has made no attempt to establish cause for the failure to raise these claims in a timely manner. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

---

[48] The Court is aware that petitioner argues that the state courts misapplied article 930.8, opining that he had filed a motion to withdraw his guilty pleas and that the referenced article simply does not apply to such motions. As an initial matter, it is noted that article 930.8 is a provision of state law and, as such, its interpretation is generally left to the state courts. See, e.g., Hill v. Tanner, Civ. Action No. 12-369, 2012 WL 4059899, at *11 n.41 (E.D. La. July 5, 2012), adopted, 2012 WL 4059898 (E.D. La. Sept. 14, 2012). Second, in any event, petitioner's argument has no merit. Because he had already been sentenced, his opportunity to file a true motion to withdraw his plea had passed and, accordingly, his request was necessarily considered to be an application for post-conviction relief. See, e.g., State v. Stewart, 902 So.2d 440, 447-48 (La. App. 5th Cir. 2005); see also Shelton v. Leblanc, Civ. Action No. 05-1852, 2005 WL 3543949, at *6 (E.D. La. Nov. 21, 2005). Therefore, his motion, regardless of how he styled it, was subject to the rules for seeking post-conviction relief, including the limitations period provided in article 930.8. State *ex rel.* Chauvin v. State, 814 So.2d 1 (La. App. 1st Cir. 2000).

Because petitioner has not met the "cause and prejudice" test, this Court need consider his exhausted claims only if the application of the procedural bar would result in a "fundamental miscarriage of justice."   However, in order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him.  Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).  Petitioner has not made that showing.  To the contrary, he has under oath admitted his guilt by pleading guilty to the charges of which he stands convicted, and he has in no way demonstrated that he is actually innocent.  See, e.g., Lott v. Hargett, 80 F.3d 161, 166 (5th Cir. 1996); Hill v. Tanner, Civ. Action No. 12-369, 2012 WL 4059899, at *12 (E.D. La. July 5, 2012), adopted, 2012 WL 4059898 (E.D. La. Sept. 14, 2012); Weathersby v. Louisiana, Civ. Action No. 08-3729, 2010 WL 4022804, at *3 (E.D. La. Sept. 14, 2010), adopted, 2010 WL 4000602 (E.D. La. Oct. 8, 2010).  Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar.

As to petitioner's remaining unexhausted claim, it is clear that claim is likewise procedurally barred.  A federal *habeas* claim is also procedurally defaulted if the "prisoner fail[ed] to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted). In that petitioner's exhausted claims were barred as untimely pursuant to the two-year limitations period set forth in La. Code Crim. P. article 930.8, the state courts would obviously find any new

attempt to bring the unexhausted claim barred on that same basis.[49]  Accordingly, that claim is also defaulted, and, therefore, federal review is again barred unless petitioner demonstrates either (1) the existence of "cause" *and* "prejudice" or (2) that a failure to address the claims will result in a "fundamental miscarriage of justice."  See, e.g., Bagwell v. Dretke, 372 F.3d 748, 756-57 (5th Cir. 2004).  For the same reasons that petitioner has not made those showings with respect to his exhausted claims, he likewise has not made those showings with respect to the unexhausted claim. As result, the unexhausted claim is also procedurally barred.

Because all of petitioner's claims are procedurally barred, they should be denied with prejudice on that basis, and, therefore, the undersigned need not, and does not, address the merits of the claims.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Andrew D. Wetzel be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[49]  In addition, any new application asserting the claim would be barred as repetitive under La. Code Crim. P. art. 930.4.

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[50]

      New Orleans, Louisiana, this seventeenth day of January, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

    [50] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.